```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

ALEX RIVERA,

        Plaintiff,

v.                               Case No. 8:21-cv-2085-VMC-TGW

RYNO TRUCKING, INC.,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Ryno Trucking, Inc.'s Motion to Compel Arbitration and Stay Action (Doc. # 10), filed on September 28, 2021. Plaintiff Alex Rivera responded on October 18, 2021, and Ryno Trucking replied on October 25, 2021. (Doc. ## 18, 23). As stated below, the Motion is denied.

**I.   Background**

According to the amended complaint, Ryno Trucking is a freight transportation company, and it employed Rivera as a truck driver from July 2019 until July 2020. (Doc. # 5 at ¶¶ 4, 14). Rivera brings claims for violations of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, and the Florida Workers' Compensation Act. (Id. at ¶¶ 25-40).

As part of his employment with Ryno Trucking, Rivera signed an Arbitration Agreement that states in pertinent part:

> 2. Any dispute or claim of any kind or nature between you and [employer] arising out of, related to, or in connection with any aspect of your employment or its termination . . . will be settled by final and binding arbitration conducted by a single, neutral arbitrator.
>
> . . .
>
> 10. If a party files a lawsuit in court to resolve claims subject to arbitration, the parties agree that the court shall dismiss the lawsuit and require that the claims be resolved through arbitration as provided herein.
>
> . . .
>
> 14. The parties expressly acknowledge and agree that this Agreement involves interstate commerce and the interpretation and enforcement of the arbitration provisions herein will be governed by the provisions of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., to the exclusion of any different or inconsistent state or local law, ordinance or judicial rule.

(Doc. # 10-1).

Now, Ryno Trucking seeks to compel arbitration of Rivera's claims. (Doc. # 10). The Motion has been fully briefed and is ripe for review. (Doc. ## 18, 23).

**II. Legal Standard**

In enacting the Federal Arbitration Act (FAA), Congress set arbitration agreements on equal footing with all other contracts. 9 U.S.C. § 2. Under the FAA, pre-dispute agreements to arbitrate "evidencing a transaction involving commerce" are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Id.

This case, however, concerns one of the FAA's exceptions. Section 1 of the FAA states that "nothing herein . . . shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. District courts must decide for themselves whether Section 1's exclusion applies before ordering arbitration. New Prime Inc. v. Oliveira, 139 S. Ct. 532, 537 (2019).

Under Eleventh Circuit precedent, this "transportation worker exemption" excludes from the reach of the FAA those employees who are in a class of workers (1) employed in the transportation industry; and (2) that, in the main, actually engages in interstate commerce. Hamrick v. Partsfleet, LLC, 1 F.4th 1337, 1340 (11th Cir. 2021).

**III. Analysis**

Here, the parties agree that Rivera, as a driver for an interstate trucking company, falls within the transportation worker exemption and, thus, his claims are exempt from arbitration under the FAA. (Doc. # 18 at 1-2; Doc. # 23 at 1-2). The parties dispute, however, whether the Arbitration Agreement may be enforced under state law or pursuant to this Court's inherent powers. (Doc. # 18 at 12-14; Doc. # 23 at 3-7).

As Ryno Trucking points out, the Courts in New Prime and Hamrick avoided these questions. See New Prime, 139 S. Ct. at 543 (declining to address argument that arbitration should be ordered under a court's inherent authority because the lower courts did not address it); Hamrick, 1 F.4th at 1353-54 (declining to address district court's state-court ruling for lack of jurisdiction).

This Court, likewise, need not address that issue because the parties' Arbitration Agreement expressly provides that:

> The parties expressly acknowledge and agree that this Agreement involves interstate commerce and **the interpretation and enforcement of the arbitration provisions herein will be governed by the provisions of the Federal Arbitration Act, 9 U.S.C.**

4

> **§ 1 et seq., to the exclusion of any different or inconsistent state or local law,** ordinance or judicial rule.

(Doc. # 10-1 at ¶ 14) (emphasis added).

Although federal policy favors arbitration, "courts must place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citations omitted). And courts strive to give effect to all provisions of a contract. See Sugar Cane Growers Coop. of Fla. v. Pinnock, 735 So.2d 530, 534 (Fla. 4th DCA 1999) (stating that contracts should be reviewed as a whole and all language given effect; where the language is clear and unambiguous, the contract should be enforced as it reads).

Here, the Agreement's language could not be more clear – enforcement of the Agreement is governed by the FAA and expressly excludes any inconsistent state law. The Florida arbitration code[1] does not include a transportation worker exemption, rendering it "inconsistent" with the FAA. See Martins v. Flowers Foods, Inc., 463 F. Supp. 3d 1290, 1298-99 (M.D. Fla. 2020) (interpreting a similar clause – that the

---

[1] The parties agree that Florida law would be the state law applicable to this Agreement.

5

arbitration agreement "shall be governed by the FAA and Florida law [but only to] the extent Florida law is not inconsistent with the FAA" – and finding that because Florida law does not contain a similar transportation worker exemption, it could not be applied to the arbitration agreement), vacated and remanded by 852 F. App'x 519 (11th Cir. 2021).[2] "Given this fundamental inconsistency, it appears that it is precisely *against* the parties' intent" to apply Florida law to this Arbitration Agreement. See Id. at 1299 (internal quotation marks and citation omitted).

    Ryno Trucking argues that the Arbitration Agreement "evidences a clear intention that all claims arising out Plaintiff's employment with Ryno be submitted to arbitration. This clear intention should be given effect." (Doc. # 23 at

---

[2] The order in Martins was remanded in light of the Eleventh Circuit's intervening Hamrick decision. See 852 F. App'x 519 (11th Cir. 2021). In Hamrick, the appellate court reversed due to the district court's misapplication of Circuit precedent concerning the FAA transportation worker exemption and wrongful determination that the exemption applied. Hamrick, 1 F.4th at 1340. As explained above, the Eleventh Circuit declined on jurisdictional grounds to consider the district court's alternative holding — that the defendant could not compel arbitration under state arbitration laws because the parties specifically elected to apply the FAA. Id. at 1344, 1352-53. Accordingly, this portion of the Hamrick and Martins decisions remains valid.

6

6). Ryno Trucking cannot have it both ways – the Court will not ignore a pertinent and clear provision of the Agreement stating that the FAA governs the Agreement's enforcement only to give effect to a different provision of the Agreement.

The cases that Ryno Trucking cite in support of its position are inapposite because none of those cases discuss a situation where the FAA is inapplicable *and* the contract clearly indicates that state law is also inapplicable. See Rittmann v. Amazon.com, Inc., 383 F. Supp. 3d 1196, 1203 (W.D. Wash. 2019) (denying motion to compel arbitration and finding that there was no valid agreement to arbitrate where FAA was inapplicable due to the transportation worker exemption and the parties' contract clearly stated that Washington state law did not apply to the arbitration provision).

Moreover, the Court will not exercise its inherent authority to force Rivera to arbitration – Ryno Trucking points to no legal authority mandating or even suggesting that such a remedy is permissible under the present circumstances, and the Court declines to do so in its discretion. See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (explaining district courts have inherent authority to manage

7

their own dockets to promote the orderly and expeditious disposition of their cases); Young v. City of Palm Bay, 358 F.3d 859, 863-64 (11th Cir. 2004) (reviewing a district court's decision on how to manage its docket for abuse of discretion).

For these reasons, this Court lacks any authority to compel the parties to submit to arbitration. The Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Ryno Trucking, Inc.'s Motion to Compel Arbitration and Stay Action (Doc. # 10) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of November, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE